FILED

03/15/2021

Clerk of the
Appellate Courts

IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT NASHVILLE
Assigned on Briefs December 9, 2020

**STATE OF TENNESSEE v. RONDA FLETCHER**

**Appeal from the Circuit Court for Giles County**
**No. CR-13315      Stella L. Hargrove, Judge**

_____

**No. M2020-00361-CCA-R3-CD**

_____

The Defendant, Ronda Fletcher, pleaded guilty to possession of methamphetamine with intent to sell and to possession of a Schedule II controlled substance, and she agreed to serve an effective eight-year sentence with six months in confinement and the remainder on probation. A revocation warrant was issued, and following a hearing, the trial court found that the Defendant violated the terms of her probation, revoked her probation, and ordered her to serve her sentence in confinement. On appeal, the Defendant contends that the trial court abused its discretion by ordering her to serve her sentence in confinement. Following our review, we affirm the judgment of the trial court pursuant to Rule 20 of the Rules of the Court of Criminal Appeals.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Affirmed**
**Pursuant to Rule 20 of the Rules of the Court of Criminal Appeals**

JOHN EVERETT WILLIAMS, P.J., delivered the opinion of the court, in which ALAN E. GLENN and CAMILLE R. MCMULLEN, JJ., joined.

Brandon E. White (on appeal), Columbia, Tennessee; Claudia Jack, District Public Defender; and Hershell Koger (at hearing), Assistant District Public Defender, for the appellant, Ronda Fletcher.

Herbert H. Slatery III, Attorney General and Reporter; Ruth Anne Thompson, Senior Assistant Attorney General; Brent A. Cooper, District Attorney General; and Rebecca S. Parsons, Assistant District Attorney General, for the appellee, State of Tennessee.

**MEMORANDUM OPINION**

The Defendant pleaded guilty on November 15, 2017, in the underlying case to possession of methamphetamine with intent to sell and to possession of a Schedule II

controlled substance. She agreed to serve an effective eight-year sentence with six months in confinement and the remainder on probation. A first violation of probation warrant was issued on May 29, 2018, alleging that the Defendant absconded, when her probation officer conducted two home visits in May 2018, did not encounter the Defendant at the home, and could not locate her whereabouts. On July 24, 2018, the trial court entered an order partially revoking the Defendant's probation and ordering a sentence of sixty days in confinement and the remainder of her sentence on probation.

A second violation of probation warrant was issued on April 1, 2019, alleging that the Defendant violated rules requiring her to allow her probation officer to visit her home or employment, to carry out lawful instructions given to her by her probation officer, to report to her probation officer as instructed, and to submit to random drug screens. Specifically, the warrant alleged that the Defendant reported to provide a drug screen on March 26, 2019, but left before providing a specimen and then failed to report the following day as instructed by her probation officer. On June 18, 2019, the trial court entered a revocation order partially revoking the Defendant's probation and ordering a sentence of one hundred twenty days in confinement and a subsequent term of probation.

A third violation of probation warrant was issued on January 16, 2020, alleging that the Defendant violated the terms of her probation by testing positive for amphetamine and methamphetamine on drugs screens conducted on December 11, 2019, and December 20, 2019. An amended warrant was issued on February 20, 2020, alleging that the Defendant violated the terms of her probation by failing to report as instructed on January 15, 2020, and by testing positive for amphetamine and methamphetamine on a drug screen conducted on January 8, 2020.

At the revocation hearing, Tennessee Department of Correction Officer Lee McKissack testified that he previously supervised the Defendant in Giles County before she was transferred to another county's probation office for supervision. Mr. McKissack recounted the Defendant's history of violating her probation, including the most recent allegations that the Defendant failed multiple drug screens and failed to report to her probation officer as instructed. Three affidavits containing the Defendant's drug results were entered into evidence showing the Defendant testified positive for amphetamine and methamphetamine.

The Defendant conceded that she used methamphetamine in December 2019 and January 2020. She passed drug screens in August, September, October, and November of 2019, but she "buckled" and failed her drug screens in December of 2019 and January of 2020. She testified that she was then addicted to methamphetamine and agreed that her failing drug screens violated the terms of her probation.

The Defendant testified that she enrolled in a rehabilitation program at Buffalo Valley voluntarily while on probation and that she stopped attending after several weeks

due to transportation issues. She testified that she used methamphetamine on and off between from the age of thirty-three to her present age of forty-five. The Defendant testified that she had requested help with her addiction while on probation, but her probation officer or a forensic social worker told her that she did not recommend rehabilitation. She disagreed that she failed to seek help in December of 2019 when she began using again, stating that she secured an inpatient bed at Buffalo Valley "before all of this took place." However, she testified that she could not attend inpatient treatment because she had to work and take care of her sixteen-year-old son. She requested help from the trial court and suggested that she could "get some kind of help while . . . incarcerated."

The trial court found the Defendant's testimony lacked credibility regarding the forensic social worker who the Defendant alleged refused to recommend rehabilitative treatment, finding that her testimony was "a total lie to this Court." The trial court found that the Defendant was "not addressing her addiction" and was "in total denial of what is involved." The trial court found that the Defendant could receive help while confined and that the associated drug programs offered in jail have improved. The trial court revoked the Defendant's probation in full and ordered her to serve her sentence in confinement.

## ANALYSIS

On appeal, the Defendant does not challenge the trial court's finding that she violated the terms of her probation. Rather, she challenges the trial court's order requiring her to serve her sentence in confinement. She maintains that the trial court should have ordered something less than full revocation of her probation, providing as an example a split-confinement sentence conditioned on rehabilitation.

A trial court has the discretion to revoke probation if it finds by a preponderance of the evidence that a defendant violated the conditions of probation. *See* T.C.A. §§ 40-35-310, -311(e); *State v. Shaffer*, 45 S.W.3d 553, 554 (Tenn. 2001). An abuse of discretion in revoking a defendant's probation occurs only where there is "no substantial evidence to support the conclusion of the trial court that a violation of the conditions of probation has occurred." *Shaffer*, 45 S.W.3d at 554. A trial court finding that a defendant has violated the conditions of probation is statutorily authorized to: "(1) order confinement; (2) order execution of the sentence as originally entered; (3) return the Defendant to probation on appropriate modified conditions; or (4) extend the Defendant's probationary period by up to two years." *State v. Brandon L. Brawner*, No. W2013-01144-CCA-R3-CD, 2014 WL 465743, at *2 (Tenn. Crim. App. Feb. 4, 2014) (citing T.C.A. §§ 40-35-308(a), (c), -310, -311(e)(1); *State v. Hunter*, 1 S.W.3d 643, 648 (Tenn. 1999)). In exercising its authority, a trial court has no obligation to provide a defendant already on probation "'a second grant of probation or another form of alternative

sentencing.'" *State v. Tracy Arnold*, No. W2018-00307-CCA-R3-CD, 2018 WL 6266279, at *1 (Tenn. Crim. App. Nov. 30, 2018), *perm. app. denied* (Tenn. Mar. 28, 2019) (citation omitted).

The record supports the trial court's order requiring the Defendant to serve her sentence in confinement. The Defendant was alleged to have violated her probation by failing several drug screens in December of 2019 and January of 2020 and by failing to report to her probation officer as instructed. The Defendant conceded at the hearing that she violated her probation by failing her drug screens in December of 2019 and January of 2020, and she does not challenge on appeal the evidence presented by the State. The Defendant previously violated her probation twice. The trial court considered the evidence presented at the hearing, found that the Defendant was "not addressing her addiction" while on an alternative sentence, and concluded that she could receive help in confinement. The trial court's decision to sentence the Defendant to confinement after finding that she violated her probation was within its statutory authority to make. *See* T.C.A. §§ 40-35-308(a), (c); -310; -311(e)(1). We conclude that the trial court did not abuse its discretion and that the Defendant is not entitled to relief on this issue.

When an opinion would have no precedential value, the Court of Criminal Appeals may affirm the judgment or action of the trial court by memorandum opinion when the judgment is rendered or the action taken in a proceeding without a jury and such judgment or action is not a determination of guilt, and the evidence does not preponderate against the finding of the trial court. *See* Tenn. Ct. Crim. App. R. 20. We conclude that this case satisfies the criteria of Rule 20. We, therefore, affirm the judgment of the trial court in accordance with Rule 20, Rules of the Court of Criminal Appeals.

_____
JOHN EVERETT WILLIAMS, PRESIDING JUDGE

4